Yongmoon Kim, Esq.
Email: ykim@kimlf.com
Evan W. Lehrer, Esq.
Email: elehrer@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SVETLANA LERNER, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>O'BRIEN & TAYLOR;<br>JEROME F. O'BRIEN;<br>FRANCIS M. TAYLOR;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Svetlana Lerner, by way of Class Action Complaint against Defendants O'Brien & Taylor, Jerome F. O'Brien and Francis M. Taylor (and John Does 1 to 10) states:

## I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, failing to identity the creditor as required under section 1692g.

## II.    JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5. Plaintiff Svetlana Lerner ("Plaintiff" or "Lerner") is a natural person residing in Bergen County, New Jersey.

6. Defendant O'Brien & Taylor, ("OB&T") is a collection law firm with an office located at 175 Fairfield Avenue # 2A, West Caldwell, New Jersey 07006.

7. Defendant Jerome F. O'Brien, Esq. ("O'Brien"), is an attorney licensed in New Jersey, a principal of O'Brien & Taylor and whose principal place of business is located at 175 Fairfield Avenue # 2A, West Caldwell, New Jersey 07006.

8. Defendant Francis M. Taylor, Esq. ("Taylor"), is an attorney licensed in New Jersey, a principal of O'Brien & Taylor and whose principal place of business is located at 175 Fairfield Avenue # 2A, West Caldwell, New Jersey 07006.

9. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

10. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV. FACTS

### A. Background

11. Defendants are not in the business of extending credit, selling goods or services to consumers.

12. Defendants regularly collect or attempt to collect debts.

13. Defendants regularly collect or attempt to collect defaulted debts.

14. Defendants regularly collects or attempts to collect debts allegedly owed to others, which were incurred primarily for personal, family or household purposes.

15. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16. Furthermore, at all times relevant hereto, O'Brien, as a principal owner, officer, director, shareholder, and/or managing partner of OB&T, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of OB&T complained of herein.

17. Furthermore, at all times relevant hereto, Taylor, as a principal owner, officer, director, shareholder, and/or managing partner of OB&T, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of OB&T complained of herein.

18. Defendants have asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes ("Debt").

19. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

20. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

21. Defendants contend that the Account was past-due and in default.

22. Defendants are debt collectors.

23. The Account was assigned to Defendants for collecting the Debt.

24. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

25. In an attempt to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on April 16, 2019. A true but redacted copy of the collection letter is attached as ***Exhibit A*** ("Letter").

26. Upon information and belief, the collection letter was the initial written communications from Defendants to Plaintiff concerning the Account.

27. Plaintiff received and reviewed the collection letter.

**A. False Representation of a Pending Lawsuit**

28. Captioned above the body of the Letter is:

> RE: Neurology Group of
> vs. Svetlana Lerner

29. The body of Letter begins with "The above matter has been referred to my office for final disposition."

30. The Letter suggests the communication is regarding a pending lawsuit, already initiated, where "Neurology Group of" is the plaintiff, in which Defendants represent, and "Svetlana Lerner" is the defendant.

31. The inclusion of "vs." in "Neurology Group of vs. Svetlana Lerner" represents that there is a pending lawsuit against Ms. Lerner.

32. In fact, no such lawsuit was filed as of the date of the Letter, April 16, 2019.

33. In fact, no such lawsuit was filed until June 20, 2019.

34. The least sophisticated consumer will interpret the Letter that a lawsuit has already been filed.

35. The least sophisticated consumer's decision to approach the debt would be materially influenced by the Letter such as considering the Letter's offer to discuss settling or withdrawing the lawsuit.

36. Therefore, the Letter makes a materially false, misleading, and deceptive representation during the collection of a debt that a lawsuit has already been filed.

**B. Failure to Clearly Identify the Current Creditor**

37. The 4/16/2019 Letter does not identify the name of the creditor to whom the debt is owed.

38. The letter does not specify, label or mark the name of any entity as the "client," "creditor," or any other term that would reasonably identify the current creditor to the least sophisticated consumer.

39. Instead, the Letter says:

> RE:  Neurology Group of
> vs.  Svetlana Lerner

Page **5** of **19**

40. The collection letter has no unique identifiers such as an account number that would assist and/or aid the least sophisticated consumer in identifying the creditor.

41. In addition, debts are often bought and sold, purchased, and assigned, to different entities other than where the debt originated.

42. The Letter does not indicate to whom the Debt was originally owed or is currently owed.

43. The Letter does not identify or explain "Neurology Group of".

44. Often when a medical visit occurs, there are many different independent contractors at a given practice that perform services on a patient, and the patient may receive different bills from, for example, a doctor, a specialist, a laboratory, medical group, etc.

45. Additionally, the Letter cuts off the full name of "Neurology Group of".

46. Therefore, Defendants' Letter failed to effectually convey the name of the creditor to whom the Debt is owed.

47. By failing to effectually identify the current creditor of the Debt, the collection letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate and how payment would be credited to a specific debt.

48. Defendants' failure to effectually identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

49. Therefore, the collection letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information that would help the recipient identify the creditor, the terms and conditions to the debt and determine whether the debt is legitimate in deciding how to approach the debt in connection with Defendants' attempt to collect a debt.

C. **Failure to Properly Attribute the Debt**

50. The Letter is addressed as "Dear Ms. Lerner:"

51. The Letter was mailed to Svetlana Lerner's address.

52. The body of Letter begins with that "[t]he above matter has been referred to my office for final disposition."

53. Captioned above the body of the Letter is:

> RE: Neurology Group of
> vs. Svetlana Lerner

54. The Debt was not incurred by Svetlana Lerner.

55. Instead, on information and belief, the debt was incurred by Plaintiff's family member.

56. The Letter fails to provide that the Debt was incurred by an individual other than the Plaintiff.

57. The Letter fails to provide that the Debt was imputed on Plaintiff by virtue of a relationship with another individual.

58. By failing to identify how the Debt is attributed to the Plaintiff by virtue of a relationship, the collection letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed, what terms and conditions are associated with the alleged debt and if the debt is legitimate.

59. Defendants' failure to identify how the debt was incurred and by, unilaterally (such as without a court order), attributing the debt to Plaintiff is false, deceptive, and misleading, which is in violation of the FDCPA.

60. Therefore, the collection letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

D. **Falsely Threatening Additional Indebtedness**

61. The Letter threatens, "[p]rompt word from you will enable us to assist you in disposing of this matter quickly and will avoid increasing your indebtedness by the addition of the costs involved in litigation."

62. The Letter threatens that Defendants will add the costs involved in litigation to the Debt.

63. Upon information and belief, the underlying terms of any contractual arrangements with the original creditor do not permit Defendants to charge the costs of litigation to the Debt.

64. Additionally, by suggesting a lawsuit has already been filed as explained above, the Letter suggests the costs of litigation has already been charged to the Debt.

65. Upon information and belief, no charges involved in the cost of any litigation were added to the Debt on or by April 16, 2019.

66. By falsely, deceptively and misleadingly threatening charges already incurred and charges that will be incurred to the debt, the collection letter falsely, deceptively and misleadingly pressures the least sophisticated consumer to pay the debt, overlook their right to validate the debt regardless of whether the debt is legitimate.

67. Defendants' threat to add litigation costs already incurred and/or will be incurred to the debt is false, deceptive, and misleading, which is in violation of the FDCPA.

68. Therefore, the collection letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

E. **Failure to Disclose Balance Will Increase Due to Interest**

69. Defendants failed to disclose that the balance was accruing interest which the creditor would attempt to collect in the future.

70. The Letter does not disclose that, since the Account is continuing to accrue interest, the balance will be greater on a later date.

71. The Letter fails to disclose that the creditor of the Account would be attempting to collect the additional interest.

72. The least sophisticated consumer would be uncertain as to whether the current balance was continuing to accrue interest because there was no disclosure that the balance would continue to accrue interest.

73. In the Letter, Defendants represented that the balance due was $710.50.

74. However, the balance of the Account increased to $742.47; as evidenced by a subsequent collection complaint.

75. A true copy of the subsequent collection complaint, but with redactions, is attached as **Exhibit B**.

76. The Letter failed to clearly and accurately state the amount of the debt as required by the FDCPA.

77. "Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, . . . the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."[1]

---

[1] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016); *see also Douglass v. Forster & Garbus LLP*, No. 16-CV-6487, 2016 U.S. Dist. LEXIS 148351 (W.D.N.Y. Oct. 26, 2016).

78. Defendants failed to inform Plaintiff that the Account was continuing to accrue interest, that the balance stated in the Letter was not a static amount.

79. It is the Defendants' policy and practice to not disclose that the balances are continuing to accrue interest, to not disclose the balances stated in the letters are not a static amount, and to not disclose the correct balance; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

80. Therefore, the Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

**F. Overshadowed and Defective 1692g Notice**

81. The Letter does not inform the reader of their statutory rights under sections 1692g(a)(4) and 1692g(a)(5).

82. The 4/16/2019 Letter states:

> This is an attempt to collect a debt. Any information received will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing in 30 days from receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification. If applicable, the name of the original creditor will be provided to you upon request.

83. Although, the consumer must notify the office in writing within 30 days from receiving the notice that *they are disputing the debt, or any portion thereof*, to trigger the requirements under section 1692g(a)(4), Defendants failed to notify the consumer that they need to dispute the debt or they can dispute a portion of the debt.

84. Defendants also failed to inform the consumer that in order to obtain the name and address of the original creditor, the consumer must make a written request within the 30-day period.

85. Furthermore, by misrepresenting that there is a pending lawsuit, that there is a pending "final disposition," that "[p]rompt word" is needed to "to dispos[e] of this matter quickly and . . . avoid increasing your indebtedness by the addition of the costs involved in litigation[,]" the Letter overshadowed the important statutory rights under sections 1692g(a)(3)-(5).

86. By failing to effectually inform the least sophisticated consumer of their statutory rights, the collection letter deprives the least sophisticated consumer of their statutory right to dispute and/or verify the debt.

87. Defendants' failure to effectually inform the least sophisticated consumer of their statutory rights is a false, deceptive, and misleading, which is in violation of the FDCPA.

G. **Collection of Unlawful Interest**

88. The collection complaint stated, in part, "[t]he balance due . . . is $742.47, plus any additional accrued interest (if applicable) and costs, for a total of $742.47."

89. The statement, "plus any additional accrued interest," is false, misleading, and deceptive.

90. Upon information and belief, the balance was static and could not increase and, even if it could, the creditor never intended to add, would not add, and did not add any lawful "additional accrued interest".

91. Further, as evidenced by Defendants' request to enter default judgment, Defendants unlawfully added interest in the amount of $31.97, which is neither allowed by law nor contract.

92. A true copy of Defendants' request to enter default judgment, but with redactions, is attached as **Exhibit C**.

93. Thus, collection of unlawful interest is a violation of the FDCPA.

**H. Public Disclosure of Protected Personal Health Information**

94. In an attempt to collect the debt, Defendants filed a collection complaint on June 20, 2019, thereby commencing action in court captioned as "Neurology Group of Bergen County vs. Svetlana Lerner" in the Superior Court of New Jersey, Law Division, Bergen County, Special Civil Part, docket number BER-DC-010256-19 ("Collection Action"). *See* Exhibit B.

95. In the collection complaint O'Brien "certify[ied] that confidential personal Identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)."

96. When Defendants filed the request to enter default judgment in the Collection Action, Defendants filed a Certification in Lieu of Affidavit of Proof and attached an unredacted statement containing private and confidential health information.

97. The creditor is a "health care provider" as understood by the HIPAA Privacy Rule, 45 C.F.R. § 160.103.

98. On information and belief, the creditor's records includes "health information" as understood by 45 C.F.R. § 160.103; information which the creditor receives and creates relating to (a) the past, present or future physical or mental health or condition of an individual, (b) the provision of health care to an individual, and (c) the past, present or future payment of the provision of health care to an individual.

99. To the extent such health information identifies the individual to whom it relates or there is a reasonable basis to believe the information can be used to identify the individual, the information is "individually identifiable health information" as defined by 45 C.F.R. § 160.103.

100. The creditor is a "covered entity" as understood by 45 C.F.R. § 160.103.

101. Defendants are "business associates" as understood by 45 C.F.R. § 160.103.

102. In an attempt to collect the Debt, Defendants filed a Certification in Lieu of Affidavit on September 16, 2019 in the Collection Action.

103. This Certification in Lieu of Affidavit was signed by O'Brien.

104. On information and belief based on the filing of the Certification in Lieu of Affidavit in the Collection Action, the Defendants filed the Certification in Lieu of Affidavit as a business associate of the creditor.

105. On information and belief based on the filing of the Certification in Lieu of Affidavit in the Collection Action, the Defendants filed the Certification in Lieu of Affidavit as the creditor's agent.

106. On information and belief based on the filing of the Certification in Lieu of Affidavit in the Collection Action, the creditor actively participated in the making and/or assistance in the filing of the Certification in Lieu of Affidavit for the purpose of obtaining a default judgment.

107. Defendants' Certification in Lieu of Affidavit in the Collection Action included healthcare information that individually identified Plaintiff's relative as a patient.

108. Attached to, made part of, and referenced in the Certification in Lieu of Affidavit is a single-page document which appears to be a Statement created by the creditor.

109. The Statement attached to the Certification in Lieu of Affidavit filed in the Superior Court of New Jersey as part of the court's public records included the full account number, dates of service, claim numbers, medical procedures or insurance codes and a description of medical services (generally referred to as "Publicized Information"). *See* Exhibit C.

110. The Publicized Information includes health information, individually identifiable health information and protected health information as those terms are defined by 45 C.F.R. § 160.103.

111. Defendants, individually and through joint efforts, intentionally disclosed private facts to the general public for the purposes of collecting a debt without any justifiable purpose.

112. Defendants as business associates, agents and/or through joint efforts with the creditor, had a responsibility to protect the Publicized Information and limit its use and disclosure of the Publicized Information.

113. Although HIPAA allows for certain exceptions and uses for the disclosure of personal health information, no exceptions are appropriate here.

114. By including highly confidential health and personal information, the Defendants intentionally disclosed private facts about individual(s) associated with the Debt. Defendants used protected health information for the improper and unlawful purpose of gaining leverage in connection with their attempt to collect a debt.

115. Defendants' disclosure of highly confidential health and personal health information in the Collection Action was not to achieve the objects of the Collection Action; indeed, the confidential medical information and insurance information that was exposed were absolutely unnecessary in the efforts to collect the Debt and possibly embarrass those individuals.

116. The FDCPA was enacted because existing consumer protection laws were found to be inadequate to protect the honest but unfortunate debtor based on abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs,

and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b); *St. Pierre v. Retrieval-Masters Creditors Bureau,* 898 F.3d 351, 358 (3d Cir. 2018) ("invasion of privacy" is "a core concern animating the FDCPA").

117. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, **and** to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (emphasis added) (internal quotation marks omitted); 15 U.S.C. § 1692(e); *see also* S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 (the Act was meant to suppress unfair and deceptive debt-collection practices).

118. Therefore, Defendants violated the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ACTION ALLEGATIONS

119. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692e(13), 1692f, 1692f(1), 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

120. Defendants used the same procedures that they employed in sending the collection letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

121. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definitions at the time

Plaintiff moves for class certification, Plaintiff seeks certification of a classes initially defined as follows:

> **CLASS A:** All natural persons with addresses in the State of New Jersey to whom, beginning April 16, 2019, through and including the final resolution of this case, Defendants sent one more letter(s) in attempts to collect a debt in the same or similar form as Exhibit A.
>
> **CLASS B:** All natural persons identified as a defendant or as a person for whom services were rendered in any documents filed by Defendants, from April 16, 2019, through and including the final resolution of this case, in the Superior Court of New Jersey seeking to collect a debt alleged to be owed, where any of those documents disclosed confidential health information and/or confidential personal identifiers.

122. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

123. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

124. The Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

125. There are questions of law and fact common to the members of the Classes that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendants are debt collectors under the FDCPA;

    B.    Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5),

        1692e(10), 1692e(13), 1692f, 1692f(1), 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5); and

    C.    Whether Plaintiff and the Classes are entitled to damages.

126. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

127. The claims of the Plaintiff are typical of the claims of the members of the Classes.

128. The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

129. Plaintiff does not have interests antagonistic to those of the Classes.

130. The Classes, of which Plaintiff is a member, is readily identifiable.

131. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

132. The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the classes would create the risk that adjudications with respect to individual members of the classes would as a practical matter be dispositive of the interests of

the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

133. Plaintiff does not anticipate any difficulty in the management of this litigation.

### 134. VIOLATIONS OF THE FDCPA

135. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

136. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

137. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

138. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

139. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

140. The collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

141. Defendants violated the FDCPA, including but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692e(13), 1692f, 1692f(1), 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

142. The violations of the FDCPA described herein constitute *per se* violations.

143. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Svetlana Lerner demands judgment against Defendants O'Brien & Taylor, Jerome F. O'Brien and Francis M. Taylor as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Classes pursuant to 15 U.S.C. § 1692k(a)(1), including to the extent the recovery of attorney's fees and costs causes Plaintiff or the Classes a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: April 16, 2020

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*